UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re FRONTERA RESOURCES CORPORATION, et al.,

Petitioners.

Case No. 18-mc-80188-JCS

**ORDER DENYING EX PARTE APPLICATION WITHOUT PREJUDICE**

Re: Dkt. No. 1

Petitioners Frontera Resources Corporation ("FRC") and Frontera International Corporation ("FIC") have submitted an ex parte application ("Application") pursuant to 28 U.S.C. § 1782 seeking to obtain discovery from Stephen Hope, Outrider Master Fund, L.P. ("OMF"), and Outrider Management LLC ("OMLLC") (collectively, "Respondents") for use in a proceeding in the Cayman Islands. Petitioners allege that Hope founded OMF and is its principal; they further allege that OMLLC manages OMF. Because Petitioners have not made a prima facie showing that the Respondents "reside[ ] or [are] found" in this District, as is required under Section 1782, the Court DENIES the Application without prejudice to refiling it with additional evidence and/or legal support to address the deficiencies identified herein.

Section 1782 provides, in relevant part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." Thus, one of the statutory requirements for obtaining discovery under this section is a prima facie showing that the target of the requested discovery resides or can be found in the district. *See In re Application for Appointment of a Comm'r re Request for Judicial Assistance for the Issuance of Subpoena*

*Pursuant to 28 U.S.C. 1782*, No. C 11-80136 RS MEJ, 2011 WL 2747302, at *4 (N.D. Cal. July 13, 2011) (granting ex parte application for discovery under 28 U.S.C. § 1782 based, in part, on prima facie showing that respondents reside in the district); *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 3702427, at *3 (N.D. Cal. Sept. 15, 2010) (same). Petitioners have not made such a showing as to any of the three respondents.

In the Memorandum of Law filed in support of the Application ("Memorandum"), Petitioners state:

> Mr. Hope resides, works, and can be found in the Northern District of California. Mr. Hope is the founder, principal and Managing Member of OMF, the Cayman-incorporated investment Fund, managed by OMLLC. OMLLC is located at 1001 Bayhill Drive, Suite 125, San Bruno, CA 94066.

Memorandum at 2. The only evidence cited in support of this statement, however, is a declaration by Petitioners' counsel, Joel Hankin, stating, on "information and belief," that "Respondents are found at 1001 Bayhill Drive, San Bruno, California 94066, United States of America." Hankin Decl. ¶ 2. Hankin does not provide any information or evidence in support of this statement however. Therefore, Petitioners have not made a prima facie case that OMLLC (or any of the Respondents) resides or can be found in this District.

Further, to the extent that Petitioners rely on Hope's employment to establish that he resides in the District that argument fails. *See* Memorandum at 6 (arguing that "Mr. Hope is the founder, principal, and Managing Member of OMF, the Cayman-incorporated investment Fund, managed by OMLLC [and that] OMLLC is located in San Bruno, California [and therefore that] Mr. Hope's employment is sufficient for him to be 'found' in the District as required by Section 1782"). The cases that Petitioners cite for this proposition do not support their argument. In *Sabine Leutheusser-Schnarrenberger, v. Aleksandr Kogan*, No. 18-MC-80171-JSC, 2018 WL 5095133, at *1 (N.D. Cal. Oct. 17, 2018), Judge Corley found that the target of the discovery resided in the District based on a record obtained from the California Secretary of State reflecting that the individual was the sole officer of a company with a business address in the District; in addition, the record listed the individual's home address, which was also in the District. The second case cited by Petitioners, *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 3702427,

at *3 (N.D. Cal. Sept. 15, 2010), is even less helpful. That case merely states that the Court reviewed the record and found that the target of the discovery lived in the District.

Here, there is no evidence that Hope is an officer or employee of OMLLC. While Petitioners have provided evidence that Hope is the principal and managing employee of OMF, *see* Nicandros Decl. ¶ 10, they have not cited any authority suggesting that his employment by OMF is sufficient to establish that he can be "found" in this District by virtue of the fact that OMLLC – a *different* entity that manages OMF – may be located here. Nor have Petitioners provided any evidence reflecting where OMF is located, either to show that Hope can be found in the District as an employee of OMF or to show that OMF itself is a proper target of discovery in this action.

Accordingly, the Court DENIES the motion without prejudice to filing a renewed motion that remedies these deficiencies. Should they chose to file a renewed motion, Petitioners are requested to provide a proposed order with their application, as is required under Civil Local Rule 7-2(c). In addition, any proposed subpoenas requested by Petitioners must be provided for each individual respondent.

**IT IS SO ORDERED.**

Dated: November 8, 2018

JOSEPH C. SPERO
Chief Magistrate Judge